IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| COMMONWEALTH OF VIRGINIA | ) |
| | ) |
| | ) |
| V. | ) Criminal Case No. 1:21CR92 |
| | ) |
| LUCAS VINYARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Lucas Vinyard's ("Officer Vinyard") Motion to Dismiss Indictment (Criminal No 1:21CR92, Dkt. No. 12) under Federal Rule of Criminal Procedure 12(b)(1).

On the evening of November 17, 2017, around 7:20 p.m., 25-year-old Bijan Ghaisar, driving a Jeep Grand Cherokee with the license plate "BIJAN," was rear-ended by a Toyota Corolla while traveling just north of Slater's Lane along the George Washington Parkway in Washington, D.C. Ghaisar immediately fled the scene of the accident and drove toward Alexandria, Virginia. The Corolla's passenger called 911 and reported the hit and run.

Alejandro Amaya and Lucas Vinyard ("the officers") are United States Park police officers with the United States Park Police Department who were patrolling the George Washington

1

Memorial Parkway. The United States Park Police are law enforcement officers within the United States Department of Interior and the George Washington Memorial Parkway is federal parkland where its officers have jurisdiction to enforce the laws of the United States. After the hit and run, the officers were instructed by dispatch to pursue Ghaisar while the officers were on patrol together in the Old Town Section of Alexandria in the same marked police vehicle. The dispatcher initially informed the officers that Ghaisar's Jeep was the striking vehicle, but soon corrected the information to clarify that Ghaisar was driving the vehicle that had been struck.

The officers encountered Ghaisar on Washington Street around 7:34 p.m., activated their lights and sirens, and began pursuing Ghaisar. During this time and throughout the subsequent pursuit, the officers continually informed their command by relaying information through radio. None of the officers' superiors instructed the officers to terminate the pursuit at any point. Ghaisar failed to pull over and continued speeding down Washington Street toward the Parkway. When the officers eventually pulled alongside Ghaisar around Belle Haven Road, the officers observed Ghaisar behind the wheel with no visible passengers. Ghaisar did not acknowledge the officers, despite the officers' lights, sirens, and verbal commands. At one point, Ghaisar crossed over double yellow lines into oncoming traffic,

2

nearly causing a collision. Based on the officer's experience dealing with impaired drivers, both officers believed Ghaisar was under the influence of drugs or alcohol and a danger on the road.

Because of Ghaisar's dangerous driving behavior and refusal to pull over, the officers requested and received assistance from the Fairfax County Police Department to help with the pursuit. An assisting Fairfax County Police Officer recorded the ensuing chase through his dash camera. Officer Vinyard eventually pulled alongside Ghaisar around Tulane Drive in the Belle Haven area while another car was stopped in front of Ghaisar. Officer Amaya exited the patrol vehicle and approached Ghaisar with his gun drawn, commanding Ghaisar to exit the Jeep. Instead, Ghaisar placed his hands over his face when the officers pulled up next to him. Officer Amaya attempted to open Ghaisar's door to arrest him, realized the door was locked, and ordered Ghaisar to open the door. Ghaisar then took off in the Jeep while Officer Amaya's hand remained on Ghaisar's door handle. As Ghaisar pulled away, he again crossed over the double yellow line into oncoming traffic. Believing the situation to be dangerous, the Fairfax County officer requested the assistance of the police helicopter.

After pursuit, Officer Vinyard again pulled Ghaisar over in a residential neighborhood off the Parkway. Again, Officer Amaya

3

exited his vehicle with his firearm drawn, yelling commands at Ghaisar. Again, Ghaisar placed his hands over his face and took off when Officer Amaya attempted to open Ghaisar's door. Ghaisar then sped through a neighborhood and failed to stop at a stop sign.

The officers continued pursuing Ghaisar. Eventually, the officers pulled over and stopped Ghaisar at the intersection of Fort Hunt Road and Alexandria Avenue. Officer Vinyard positioned the patrol car perpendicular to Ghaisar's Jeep. The officers exited the patrol car with drawn firearms while Ghaisar placed his hands over his face. Officer Vinyard positioned himself to the left of Ghaisar's driver-side window. Officer Amaya positioned himself in between the patrol car and the front of Ghaisar's Jeep while shouting commands to Ghaisar. As Officer Amaya stood between the two cars, Ghaisar's Jeep lurched forward toward Officer Amaya. Fearing for his life, Officer Amaya then fired his weapon through the Jeep's windshield at Ghaisar. The Jeep initially stopped but then moved forward again, causing both officers to fire at Ghaisar. The Jeep then rolled over into a ditch.

The Federal Bureau of Investigation investigated the shooting at the request of the United States Park Police Chief. Ultimately, the Department of Justice declined to prosecute the officers under 18 U.S.C. § 242 because the Department concluded

4

there was "insufficient evidence to establish beyond a reasonable doubt that the officers willfully committed a violation of 18 U.S.C. § 242."

On October 15, 2020, a Fairfax special grand jury returned indictments against both officers on two state criminal counts: (a) involuntary manslaughter for "feloniously kill[ing] and slay[ing]" Ghaisar in violation of Virginia Code § 18.2-36; and reckless discharge of a firearm in violation of Virginia code § 18.2-56.1. In November 2020, the officers each filed a notice of removal under 28 U.S.C. §§ 1442 and 1455. This Court accepted jurisdiction on April 23, 2021. Both defendants now move to dismiss the indictments against them based on Supremacy Clause immunity.

Both officers raise their Supremacy Clause immunity defense through motions to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(1). This provision protects the officers from the requirement to defend a case on the merits if the officers: (1) were authorized by federal law to act as they did, and (2) the officers did no more than was necessary and proper. Cunningham v. Neagle, 135 U.S. 1, 75 (1890). The Supremacy Clause can protect a federal officer from state prosecutions. Baker v. Grice, 169 U.S. 284, 291 (1898).

The Court finds that the officers acted in accordance with federal law. Both officers were United States Park Police

5

Officers who were on duty, in uniform, and patrolling within their jurisdiction in a marked United States Park Police patrol car. The officers' duties included responding to crimes, traffic violations, and accidents that occurred along the George Washington Parkway and pursuing violators in adjoining jurisdictions. The officers performed their duties as expected when they responded to the hit and run call and pursued Ghaisar.

The officers' actions were necessary and proper. The totality of the foregoing circumstances reasonably invoked the officers' belief that Ghaisar's actions placed Officer Amaya's life in imminent, life-threatening danger. This belief was reasonable considering the circumstances on November 17, 2017. The officers enlisted the assistance of the Fairfax County Police Department and employed several efforts to pull Ghaisar over, which ultimately resulted in Ghaisar placing the officers in a life-or-death situation.  The officers were instructed to pursue Ghaisar by their command, were in constant contact with their superiors throughout the evening, and were never instructed to abandon the pursuit. Ghaisar appeared intoxicated while continually engaging in extremely reckless behavior and unusual driving. Ghaisar crossed over the double yellow line multiple times, willfully ignored the officers' several commands to stop and pull over, sped through a residential neighborhood, failed to stop at a stop sign, and repeatedly drove away while

6

Officer Amaya's hand was placed on Ghaisar's door handle. Ghaisar's actions clearly demonstrated his intent to continue evading the officers, further imperiling them. Considering the circumstances, the officers were reasonable to fear for Officer Amaya's life and discharge their weapons when Ghaisar's Jeep lurched forward while Officer Amaya was standing in front of Ghaisar's vehicle. The officers' decision to discharge their firearms was necessary and proper under the circumstances and there is no evidence that the officers acted with malice, criminal intent, or any improper motivation.

For these reasons, the Court finds that Defendant Officer Lucas Vinyard is entitled to Supremacy Clause immunity, and the charges against him should be dismissed.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 22, 2021